**Garrison S. JOHNSON, Plaintiff—Appellant,**

v.

**Theresa ROCHA; et al., Defendants—Appellees.**

No. 04–15084.

D.C. No. CV–02–00384–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.[*]

Decided April 4, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Garrison S. Johnson, Corcoran, CA, pro se.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Garrison Johnson appeals pro se the district court's sua sponte dismissal of Johnson's first amended complaint in his 42 U.S.C. § 1983 action alleging equal protection violations, denial of access to the courts, and an Eighth Amendment violation. The district court dismissed the action for failure to state a claim under 28 U.S.C. § 1915A. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), we affirm.

■ The district court properly dismissed Johnson's Eighth Amendment claim that prison officials were deliberately indifferent to his medical needs by denying him one-on-one psychological counseling, because Johnson's allegations regarding the psychological pain he experienced were conclusory. *See Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004).

The district court properly dismissed Johnson's claim for denial of access to the courts because Johnson failed to allege an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ The district court properly dismissed Johnson's due process claim because Johnson did not allege facts sufficient to demonstrate that he was prevented from presenting his grievance regarding his mental health treatment. Johnson alleged that he was able to present his request for treatment to prison appeals coordinators and the Classification Services Unit and that he received a response to his complaint. *See Madrid v. Gomez,* 190 F.3d 990, 995 (9th Cir.1999) (the Constitution provides prisoners only the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ability to present their grievances to the courts).

The district court properly dismissed Johnson's claim that defendants' failure to staff the prison with more African–American correctional officers resulted in race discrimination. *See Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir.1982) (noting that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss").

■ The district court did not abuse its discretion in dismissing without prejudice Johnson's equal protection claim regarding a September 24, 2002 riot because the incidents took place after Johnson filed his action. *See Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003).

**AFFIRMED.**